**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**TAREYAN COOKS,**

      **Plaintiff,**

**vs.**                                       **CASE NO. 4:02CV423-SPM/AK**

**G. R. BRANNEN, et al,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

      Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendants use excessive force against him when they sprayed him with chemical agents while he was sitting in his cell.  (Doc. 19).  Defendants moved to stay these proceedings pending class certification in a case involving the use of chemical agents by DOC personnel in Brown v. Crosby, Case No. 2:03CV526-FtM-29 DNF.  (Doc. 43).  This matter was stayed (doc. 45) until February 13, 2006, (doc. 78), after Defendants filed a Status Report (doc. 71) and responded to a show cause order that class certification in Brown had been denied and the reasons supporting a stay in this case no longer existed.  (Doc. 77).  Defendants have now filed a special report (doc. 81), which has been construed as a motion for summary judgment (doc. 82) and Plaintiff has responded.  (Docs. 85, 86, 101, 102, 103, 104, 108).

By separate Order entered on this same date, the undersigned is denying Plaintiff additional discovery and additional time to respond for the reasons set forth in that order.

## I.      Third Amended Complaint (doc. 19)

On November 6, 2002, Plaintiff complained to Defendant Carroll that he was not served bologna with his noon meal.  After 30 minutes Plaintiff began kicking on his cell door to get the dorm sergeant's attention and Defendants Davis, Brannen, Smith and Carroll returned and cuffed him and sprayed him with mace in the face and ear after pretending that they were approaching him to give verbal counsel.  Within 30 minutes, he was taken to the shower where the hot water caused burning and pain in his head, neck, ears, side of face, waist line, and back.  When he returned to his cell, he was allowed to change his bedding, but he and his cell mate, Brian McCoy declined the offer to see the nurse.

Plaintiff claims that use of the chemical agents was excessive force under constitutional law and prison regulations because he was not posing a danger to himself or others and was not disrupting prison order; therefore, when they maced him they were being malicious.  He claims the use of mace caused "extensive burning from his head, neck, ears, backsides, waistline, face."

He seeks $10,0000 from each defendant for the constitutional violation and $30,000 from each defendant as punitive damages.

a)      Disciplinary Report dated November 12, 2002 (Exhibit 1)

This report is prepared by J. C. Carroll and states:

**No. 4:02CV423-SPM/AK**

At approximately 1200 hours, on 11/06/02, while assigned as G-Dormitory Housing Officer, while feeding the noon meal in Quad Three, I approached Cell G3-106, which houses Inmate McCoy, Brain DC#T24600 and Inmate Cook, Tareyan DC# 388887.  At t his time I observed Inmate Cook take his food tray, sit it on the food flap and then state to me, "My cookie isn't big enough, I want another one."  I then advised Inmate Cook that his cookie was the proper portion sent by Food Service.  Inmate Cook then began to yell obscenities and to kick on the cell door.  I ordered Inmate Cook to cease his disruptive behavior, to no avail.  It should be noted that chemical agents were used to gain compliance of a lawful verbal order given.  Inmate Cook is in violation of  Disciplinary Charge 9-17, Disorderly Conduct.

b)    Disciplinary Hearing Worksheet dated November 14, 2002

The form shows that Plaintiff refused to appear, that witness statements were read and considered by the team, but that he was found guilty and received confinement not to exceed 30 days.

c)    Grievances (Exhibits 3 - 6).

Since exhaustion is not at issue, the substance of the grievances and the responses thereto will not be repeated in this report.

## II.    Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), citing Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299

**No. 4:02CV423-SPM/AK**

(11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  <u>Celotex</u>, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, <u>Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record." <u>Mize v. Jefferson City Board of Education</u>, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " <u>Owen v. Wille</u>, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  <u>Owen v. Wille</u>, 117 F.3d at 1236; <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, <u>Celotex</u>, <u>supra</u> at 323, the facts stated in uncontradicted affidavits or

other evidentiary materials must be accepted as true for purposes of summary

judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

## III.   Defendants Relevant Rule 56(e) evidence

   a)   Use of Force investigative report (Exhibit A)

The report states that "Sgt. Smith administered three one [sic] second burst of O.

C. (Oleoresin capsicum) to Inmate Cook's upper torso area" because he was creating a

disturbance yelling and banging on the cell door and refused all orders given to him by

Sgt. Smith and Captain Brannen.

   b)   Report of Force Used (Exhibit B)

Signed by the Warden and approved by the Inspector General's Office, the

conclusion after review of all the papers was that no inappropriate actions were noted.

In addition, it was noted that Inmate McCoy was present during the use of force and

was subjected to overspray of the chemical, but he was never disorderly and was

escorted with Inmate Cooks to the showers when Cooks ceased his disorderly conduct.

Both McCoy and Cooks received clean bedding and clothes, but "there were no injuries

to staff or inmate...."

   c)   Authorization for Use of Force (Exhibit C)

This form shows that Assistant Warden Thomas E. Patterson authorized use of

force to Gary M. Brannen on November 6, 2002, to gain compliance from Inmate Cooks

who was creating a disturbance by yelling and banging on the cell door.  The form

indicates that Sgt. Robert Smith used the force.

**No. 4:02CV423-SPM/AK**

d)     Incident Report dated November 6, 2002 (Exhibit D)

The details of the incident are the same as in the previous forms.  The Officer in

Charge Comment, made by Captain Brannen is:

> Force became necessary to bring Inmate Cook into compliance with all
> orders given and to cease his disruptive behavior.  Several orders were
> given to Inmate Cook to cease his actions prior to using chemical agents,
> but to no avail.  Duty Warden Mr. Tom Patterson was notified  prior to
> using chemical agents and gave clearance.  EAC Duty Officer Johnson
> was notified.  Inmate Cook received a D.R. for 9-17, Disorderly Conduct.
> Both Staff and Inmates were evaluated by Medical with no injuries noted.
> Both Inmates received a shower, change of clothing and cell G3-106 was
> decontaminated.  Inmate McCoy was not involved bu received overspray
> of the agents.

e)     Emergency Room Record dated November 6, 2002 (Exhibit E)

Signed by Penne Reed, L. P. N., she states that she observed no injuries on

Plaintiff at 12:55 p.m. following the use of force incident and he stated to her, "I'm

alright."  She instructed him to seek medical if any problems arose later.

## IV.    Plaintiff's response

Plaintiff has provided only one piece of evidentiary material, which had already

been submitted with Defendant's motion.  (See Doc. 82, Exhibit B).  The Court allowed

Plaintiff to serve written deposition questions upon Inmates Kenneth Walker and Brian

McCoy, but Walker refused to answer any questions and McCoy's response to all the

questions was "Don't remember."  (See Doc. 134).

**No. 4:02CV423-SPM/AK**

**V.     Analysis**

    a)     <u>No physical injury</u>

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action.  If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available.  <u>Harris v. Garner</u>, 216 F.3d 970 (11th Cir. 2000)[1], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and <u>Osterback v. Ingram, et al.</u>, No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  215 F.3d at 1230.  Plaintiff, however, does not seek declaratory or injunctive relief.

The documents submitted by the Defendants show that there were no visible injuries to Plaintiff immediately following the incident and his statements to the medical staff were that he was alright.  Plaintiff himself admits in the complaint that he declined the offer to go to medical.  Despite the Court's patient assistance during nearly ten months of discovery, Plaintiff has come forward with no medical or other evidence to support his contention that the chemical agents caused extensive burns over a large part of his body.  It is simply not credible that Plaintiff suffered any significant injury, yet

---

[1] <u>Harris v. Garner</u>, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

**No. 4:02CV423-SPM/AK**

refused treatment for what he describes as extensive burning and severe pain.  Even more incredible is his assertion for the first time, raised in his brief in response to the motion for summary judgment, (doc. 101), that he suffered a broken arm the next day that later required surgery.  It is inconceivable that Plaintiff would fail to mention this in his complaint.  In fact, Plaintiff never claimed that the Defendants ever touched him.  His sole assertion of excessive force has been based on the use of chemical agents.

Further, Brian McCoy was Plaintiff's cell mate and a direct observant of the incident itself, as well as the aftermath, including his own experience having been sprayed with the substance himself, yet he says he does not remember anything about the incident.  (See Doc. 134).

Defendants were directed by the Court to produce all medical records pertaining to this incident (doc. 129) and Plaintiff was provided these records on August 17, 2007, (doc. 131), but has not come forward with any evidence to show that he suffered the injuries described in the complaint.  Thus, the undersigned finds that no injury resulted from the Defendants' actions on the date in question.

   b)   Excessive force

Under the Eighth Amendment force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm."  Whitley v. Albers, 475 U.S. 312, 320-21 (1986), quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973).  A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the

**No. 4:02CV423-SPM/AK**

amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used.  Hudson v. McMillian, 503 U.S. 1, 7-8 (1992).

A *de minimis* use of force, as evidenced by no injury, is one of the factors for consideration and cannot support a claim of excessive use of force.  Hudson, at 7. In the present case, even Plaintiff admits to banging on the cell door.  While his version places him quietly sitting on his bunk when the force was applied, the undersigned is of the opinion that even under Plaintiff's version of the facts there was no excessive force used because there was no injury resulting from the spray.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (doc.82) be **GRANTED**, and this cause be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and constitutes a "strike" within the meaning of 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this  __5th__ day of September, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**No. 4:02CV423-SPM/AK**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:02CV423-SPM/AK**